IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES and MASUMI HARGIS,

    Plaintiffs,

v.

WASHINGTON MUTUAL BANK, et al.,

    Defendants.

No. C 10-02341 CRB

**ORDER GRANTING MOTION TO DISMISS AND REMANDING CASE TO STATE COURT**

    This is a case brought by homeowners alleging improprieties as to the origination of their loan and their lender's failure to offer a loan modification. As explained below, the Court dismisses the two federal claims against Defendants and remands the case to state court.

**I.   BACKGROUND**

    Pro se Plaintiffs James and Masumi Hargis became indebted to Defendant Washington Mutual "in September 2006, pursuant to a promissory note secured by a deed of trust dated 09/15/2006." Dckt. no. 1 Ex. A (Complaint) ¶ 7; RFJN Ex. 1. Plaintiffs then lost a significant part of their income, and had difficulty making their monthly loan payments. Id. ¶¶ 9-10. They applied for "President Obama's Making Home Affordable Modification Program or 'HAMP', with the expectations that a loan modification would relieve them of a pending foreclosure." Id. ¶ 11. No loan modification took place. Id. ¶ 13. A Notice of Default was recorded in May 2009. RFJN Ex. 3. A Notice of Trustee Sale was recorded in

February 2010, RFJN Ex. 4, though it is not clear whether the sale took place and whether Plaintiffs remain in the house.

Importantly, in September 2008, the Office of Thrift Supervision closed Washington Mutual Bank and appointed the FDIC as receiver. RFJN Ex. 5. According to a Purchase and Assumption Agreement between the FDIC and JP Morgan, dated September 25, 2008, JP Morgan took on many of Washington Mutual's assets and some of its liabilities. Mot. at 4, RFJN Ex. 6.[1] JP Morgan explicitly did not take on Washington Mutual's potential liabilities associated with borrower's claims, however. The agreement states in pertinent part:

> **2.5 Borrower Claims**. Notwithstanding anything to the contrary in this Agreement, any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment. . . related in any way to any loan . . . made by the Failed Bank prior to failure . . . are specifically not assumed by the Assuming Bank.

Id.

In April 2010, Plaintiffs filed suit against Defendants Washington Mutual, JP Morgan Chase, and California Reconveyance Company (CRC), the trustee, in state court, alleging violations of the Truth in Lending Act (TILA), the Real Estate Settlement Procedures Act (RESPA), and a variety of state law causes of action. See dckt. no. 1 Ex. A (Complaint). Defendants removed the case to federal court in May 2010. See dckt. no. 1. Defendants now move to dismiss, on a variety of grounds. See generally dckt. no. 4.[2]

## II. LEGAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss a cause of action which fails to state a claim upon which relief can be granted. On a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Wyler-Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998). To survive a Rule 12(b)(6) motion to dismiss, the complaint

---

[1] This agreement is properly noticeable as it is a matter of public record, and has been published on the FDIC website. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

[2] Plaintiffs failed to file an Opposition but appeared at the motion hearing on February 18, 2011 and explained that they had not been aware of the Motion. Accordingly, the Court will not dismiss for failure to prosecute.

2

must state a claim to relief that is "plausible on its face." Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A claim has "facial plausibility" when the pleaded factual allegations "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III.   ANALYSIS

This case was removed based on federal question jurisdiction. See dckt. no. 1 at 2 (citing 28 U.S.C. § 1331). The Notice of Removal pointed specifically to the Complaint's causes of action under TILA and RESPA, id., and indeed there are no other federal causes of action. However, both the TILA and RESPA causes of action fail against these Defendants.

They fail as to Defendant JP Morgan because they stem from Plaintiffs' capacity as borrowers of Washington Mutual. See Biggins v. Wells Fargo & Co., 266 F.R.D. 399, 415 (N.D. Cal. 2009) (finding same language insulated Chase Bank from liability for borrower's claims); Newbeck v. Wash. Mutual Bank, 2010 WL 3222174, at *2 (N.D. Cal., Aug. 13, 2010) ("Because Plaintiffs' claims are related to a loan that was held by Washington Mutual, Chase's agreement with the FDIC requires dismissal of Plaintiffs' claims against it."); Miller v. Cal. Reconveyance Co., 2010 WL 2889103 at *3 (S.D. Cal., Jul. 22, 2010) ("to the extent they deal with misconduct at the origination of the subject loan, the Court dismisses with prejudice the . . . causes of action against Defendant JPMorgan.").

They also fail as to Defendant CRC because the Complaint alleges only that "Defendants violated RESPA by charging and accepting an appraisal fee from Plaintiffs" that was "unearned by Defendants." See dckt. no. 1 Ex. A (Complaint) ¶ 38. The Complaint does not assert that Defendant CRC (the trustee) charged the appraisal fee, and indeed this is customarily done at the origination of the loan (presumably by Washington Mutual). The Complaint's TILA allegation is simply that "Defendants violated TILA and Regulation Z by failing to provide Plaintiffs with notices of the sale of the loan(s) causing Plaintiffs to make payments to the erroneous entity." See dckt. no. 1 Ex. A (Complaint) ¶ 55. But the only entities that can be liable for TILA violations are the original creditor and assignees of that creditor. See 15 U.S.C. § 1640 ("With respect to any failure to make disclosures . . . liability

shall be imposed only upon the creditor required to make disclosure"), § 1641 ("any civil action for a violation . . . which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action . . . is apparent on the face of the disclosure statement").  CRC, the trustee, is neither a creditor nor the assignee. See Mot. at 11.

The TILA and RESPA claims therefore fail to state a claim.

## IV. CONCLUSION

For the foregoing reasons, the Court DISMISSES the federal claims, DECLINES to exercise jurisdiction over the remaining state court claims, and REMANDS the case to state court.

**IT IS SO ORDERED.**

Dated: February 22, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE